IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| CLEARONE, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHURE INC., an Illinois corporation, BIAMP SYSTEMS CORPORATION, a Delaware corporation, and QSC AUDIO PRODUCTS, LLC, a California limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER**<br><br>**Case No. 2:17-CV-00322-CW**<br><br>**Judge Clark Waddoups**<br><br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION

This matter was referred to the court under 28 U.S.C. § 636(b)(1)(A). (ECF No. 8.) This matter is presently before the court on Defendant Shure Incorporated's Motion to Stay. (ECF No. 9.) The court initially scheduled oral argument on this motion but, after reviewing the parties' briefing, found it unnecessary. The court will grant Shure's request for a stay to allow the Northern District of Illinois an opportunity to rule on the motion to enjoin pending before it.

## FACTS

### Correspondence regarding anticipated patent

On March 10, 2017, ClearOne's counsel sent Defendants a notice letter notifying them of a certain of ClearOne's pending patent applications (an application that later led to Patent Number 9,635,186 (the "'186 Patent") at issue here). (Giza Decl., Ex. 3.) The letter described ClearOne's theory that Defendants were infringing on the anticipated patent and included a claim chart. (*Id.*) The letter demanded Defendants cease and desist from the alleged infringement and stated, "ClearOne reserve[d] the right to seek appropriate injunctive and other relief." (*Id.*) On

March 21, 2017, Shure responded by letter stating Shure needed time to investigate and respond in a detailed manner. (Giza Decl., Ex. 7.)

On April 5 the USPTO issued a public notice that the ’186 Patent would issue on April 25. (Giza Decl., Ex. 8.) On April 10 Shure’s emailed ClearOne’s counsel requesting a telephone call. (Giza Decl., Ex. 9.) On April 13 ClearOne’s counsel responded requesting a time for a telephone call on April 18 or 19. (Giza Decl., Ex. 10.) Shure did not respond to the email or call ClearOne’s counsel. On April 17 Shure sent a letter to ClearOne’s counsel stating Shure had not infringed any patent. Shure demanded that ClearOne refrain from contacting third parties alleging patent infringement and otherwise acting in a manner “intended to disrupt sales channels and other valuable business relationships.” (Giza Decl., Ex. 11.) Similar to ClearOne, “Shure reserve[d] all of its rights to ensure that ClearOne discontinues these objectionable efforts.” (*Id.*)

**April 25**

On April 25, 2017, the United States Patent and Trademark Office issued the ’186 Patent. (ECF No. 28 at 4–5.) Shure apparently believes this occurred at 12:01 a.m. EDT.[1] At 12:01 a.m. EDT on April 25, 2017, Shure filed declaratory-judgment action in Northern District of Illinois. (ECF No. 28 at 4.) At 11:05 a.m. EDT (9:05 a.m. local time) on April 25, 2017, ClearOne filed this lawsuit in Central District of Utah against Shure, Biamp and QSC audio. (ECF No. 2.) Shure served its complaint on the same day ClearOne served Shure with its complaint in this lawsuit, April 26, 2017. (*See* ECF Nos. 22–24, & 28 at 5.)

**PARTIES’ ARGUMENTS**

Shure argues that this court should stay this case until the Northern District of Illinois decides Shure’s motion to enjoin ClearOne from prosecuting this action in the District of Utah.

[1] ClearOne asserts that Federal Circuit law does not clearly identify the time a patent issues. (*Id.* at 5 n.2.) This ambiguity does not affect the court’s decision here.

Shure contends that the matter in the Northern District of Illinois takes precedence over this one under the first-to-file rule. Shure asks the court to grant a stay "pending resolution of forum[-]related issues" in a matter pending before the Northern District of Illinois. (ECF No. 9 at 1.) Shure's reply further urges this court to "defer consideration of forum-related disputes" by refusing to consider exceptions to the first-to-file rule. (ECF No. 31 at 4.) In its reply, Shure also argues the merits of the forum dispute, but the court will not reach those issues.

ClearOne argues the court should deny the motion to stay because this court is the proper forum under an exception to the first-to-file rule. ClearOne makes several arguments in its opposition about which is the proper district to hear this case, but as previously stated, the court will not reach this issue because it is not implicated by Shure's modest stay request.

## DISCUSSION

### I. The court will stay this action until the Northern District of Illinois decides Shure's motion to enjoin.

The court will grant Shure's request for a temporary stay, but will not reach the merits of the parties' forum dispute. The first-to-file rule offers helpful context to the parties' forum dispute and the court's ruling:

> The "first-to-file" rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions. The filing date of an action derives from the filing of the complaint. Fed.R.Civ.P. 3; *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 n. 3 (9th Cir.1982). Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a duplicative later-filed action, although there are exceptions and the rule is not rigidly or mechanically applied— "an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts."

*Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). "Justification for an exception may be found in 'the convenience and availability of witnesses, [the] absence of jurisdiction over all necessary or desirable parties, ... the possibility of consolidation with related litigation, or

considerations relating to the real party in interest.'" *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013).

**a. Shure demonstrates good cause for a stay**

The court finds good cause supports Shure's request for a stay because allowing this case to proceed will lead at best to duplication of efforts, and at worst to inconsistent results. The court rests its decision on Federal Rule of Civil Procedure 1 as well as notions of federal comity underlying the first-to-file rule. The court finds that staying this action until Judge Chang decides Shure's motion to enjoin will reduce the burden of parallel proceedings. Presently, Shure and ClearOne are litigating roughly the same subject matter in two federal courts. Proceeding with both matters simultaneously will cause unnecessary duplication of efforts.

Also, this court does not reach the merits of the parties' forum dispute because Shure first properly raised the merits of the forum dispute before the Northern District of Illinois before seeking this stay. On the same day it filed the present motion, Shure filed a motion in the Northern District of Illinois seeking to enjoin ClearOne from prosecuting this case against Shure. (ECF No. 9, Ex. 3.) By that motion, Shure put the parties' forum dispute squarely before the federal forum in Illinois. In that matter, Shure more extensively briefs the relevant issues than it does in its four-page request for a temporary stay filed in this case. If this court reaches the merits of the forum dispute, the resulting order may conflict with the Northern District of Illinois' anticipated ruling on the pending motion to enjoin. Thus, the court will issue a stay to reduce the costs created by parallel proceedings, and to allow its sister court to rule on Shure's first-to-file argument in the context of the parties' forum dispute.

### b. The court does not consider the merits of Shure's motion to enjoin.

ClearOne discusses the parties' forum dispute. Specifically, it argues that an exception to the first-to-file rule suggests the matter in the Northern District of Illinois should not be afforded priority. (*See* ECF No. 28.) Yet ClearOne does not articulate any reason the court should deny Shure's request for a short stay to allow the Northern District of Illinois to rule on the forum dispute. ClearOne's arguments are better suited to a motion to dismiss or transfer before the Northern District of Illinois than in opposition to the modest request for a stay Shure seeks in this case. For the reasons already discussed, the court finds it unwise to reach the merits of the forum dispute. Accordingly, the court declines ClearOne's invitation to rule on the forum dispute because doing so unnecessarily treads on matters now before the Northern District of Illinois. This court does not wish to muddy the waters of that parallel proceeding. Accordingly, the court expressly warns the parties that this order offers no guidance or prediction of the outcome of Shure's motion to enjoin pending before the Northern District of Illinois. Any party suggesting otherwise may be sanctioned.

## ORDER

Based on the foregoing, the court **GRANTS** Shure's Motion to Stay. (ECF No. 9.) This matter is stayed until Judge Chang rules on Shure's Motion to Enjoin filed in Case Number 17-CV-03078. Once the ruling is made, ClearOne must provide a status report to this court and a proposed schedule for moving forward with, or dismissing, this case.

Dated this 15th day of May 2017.

By the Court:

____________________________

Dustin B. Pead
United States Magistrate Judge